# ORIGINAL

**JURY TRIAL DEMANDED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil action No.

**08   2449**



Teddy Moore )
           Plaintiff )
            )
Vs. )
            )
1. City Of New York )
2. Richard A. Brown, DA Queens )
3. James A. Liander, ADA )
4. Sgt John Keena )
5. Thomas D. Raffaele )
6. Joseph A. Zayas )

           **Defendants**



## VERIFIED COMPLAINT

Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction of this action pursuant to 28 U.S.C §1331 which states:" The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A violation of due process is a breach of the fifth and fourteenth amendment of US constitution and thus actionable.

2. This court has also jurisdiction under 28 U.S.C §1343(1),(2),(3),(4) which states as follows:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   **(1)** To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done

- 1 -

in furtherance of any conspiracy mentioned in section 1985 of Title 42;

**(2)** To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

**(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

**(4)** To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

Plaintiff alleges amongst others a cause of action for deprivation of rights as a civil cause of action under 42 U.S.C 1983 and as well a cause of action for a conspiracy to interfere with civil rights under 42 U.S.C 1985 and therefore proper under all four foregoing alternatives.

3.  Supplemental jurisdiction is obtained under 28 U.S.C § 1367."... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction..."Plaintiff will base his claim on the common law which is the law in New York.

4.  Venue for this action is proper in the United States District Court for the Eastern District of New York because Defendants are residing or doing business in Queens County and therefore the Complaint was brought properly in the Eastern District of New York. Under 28 U.S.C § 1391(b)(1)

## PARTIES

5.  Plaintiff, Teddy Moore, Pro Se, is a victim of Defendants. Resides in Queens County NY. Plaintiff was injured by Defendants, who conspired against him to violate his constitutional rights and civil rights and disregarded the law.

6.  Defendant 1,The City of New York is the employer of Defendants and is liable for failure to supervise the actions of Defendants and as well liable under its vicarious liability for the actions of Defendants. Punitive damages are not alleged against this Defendant but against all the others. A timely notice of claim was filed against this Defendant

7. Defendant 2, Mr. Richard A. Brown is DA of Queens County personally and in his official capacity, is liable as principal for failure to supervise the action of his employees and as well in his vicarious liability to their actions.

8. Defendant 3 Mr. James A. Liander, ADA personally and in his official capacity is liable for violation of Plaintiff's constitutional rights and civil rights as alleged in this complaint.

9. Defendant 4 Sgt John Keena from Queens County DA's office is liable in his personally or in his official capacity, as his principal Defendant 3, for the violation of civil rights and constitutional rights of Plaintiff as detailed in the complaint.

10 Defendant 5, Mr. Thomas D. Raffaele is the complainant, a co-conspirator with other Defendant and as such liable jointly and separately for the damages. Mr. Raffaele is a resident of Queens County.

11. Mr. Joseph A. Zayas was aware of the conspiracy to obstruct justice and declined to make any determination on the matter which was presented to him and so conspired with Defendants to defeat the course of Justice and violate the civil rights and constitutional rights of plaintiff. Mr. Zayas is a vital part of the Racketeering operation.

## BACKGROUND

12. Defendants obtained a search warrant against Plaintiff on 4/23/08 and executed the search on 4/29/08. The search request was issued based on lies and misrepresentations to the court only, without any probable cause or without any basis in fact or law, utterly fabricated from thin air. Defendants alleged that the computer of plaintiff is either stolen or illegally possessed or that he uses his computer to stalk and harass or conspire to do so Defendants knew or should have known that these are lies intended to interfere in a civil dispute with complainant[1], which was unable to sue Plaintiff for defamation or get an injunction to cease and desist of his right for free speech over the Internet.

13. Plaintiff put up correct and precise information concerning corruption in office of complainant on Craig' list, intended for the benefit of lawyers and their clients (Potential victims of complainant) intended to put them on alert about the crimes of this Complainant –predator who is involved in defeating the course of justice for quid pro quo arrangements. This information was on the Internet about a year prior to the intervention by Defendants.

14 Defendant intended in this action to gag the Plaintiff illegally from exercising his right of free speech for a quid pro quo arrangement with the complainant and it had nothing to do with any legitimate business of the DA to investigate crimes and prosecute

---

[1] Defendant 5

- 3 -

criminals. On the contrary, it was intended to conceal the corruption of the complainant and not to expose him or to prosecute him for his crimes

## FIRST CAUSE OF ACTION

15. Plaintiff reiterates and incorporates herein the allegations in paragraphs 1 through 14 of this complaint and will allege that this is a cause of action for deprivation of rights under 42 U.S.C 1983 which states as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

16. It is clear that a prosecutor or even a judge has no immunity from prosecution for violation of civil rights, except for some minor limitation on injunctive relief, which is not requested here.

17. Plaintiff request hereby, compensatory relief and punitive damages for denying him his first amendment rights of free speech, his fourth amendment rights of freedom from illegal search and seizure, his fifth and fourteenth amendment right of due process of law.

18. Punitive damages have been permitted in certain cases to deter wrongdoers from similar conduct in the future. The Supreme Court's decision in the case of "Smith vs. Wade"[2] set the standard for the award of punitive damages by permitting punitive award on varying standards of negligence, gross negligence, recklessness, or other culpable conduct. Numerous federal courts have addressed the applicability of "Smith v. Wade" in civil rights cases,[3] and this relief is certainly available for this egregious conduct of these Defendants who operate as a racket of a corrupt organization.

19. This is a suit in equity and plaintiff needs not to prove it "By law", even thought Plaintiff will comply with any standard of proof.

---

[2] SMITH v. WADE, 461 U.S. 30 (1983).

[3] See also Cf. Gertz v. Robert Welch, Inc., 418 U.S. 323. Pp. 38-51.

20. Defendants are liable as alleged. Defendants are also guilty criminally under Title 18 U.S.C. Section 242: Deprivation of Rights Under Color of Law, which is a crime.

## SECOND CAUSE OF ACTION

21. Plaintiff reiterates and incorporates herein the allegations in paragraphs 1 through 20 of this complaint and will allege a cause of action for conspiracy to interfere with civil rights under 42 U.S.C.§1985 which states as follows: "(2)....if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws".

22. Defendants conspired with a complainant to violate Plaintiff's civil rights, and violate the constitution by conspiring not allowing him free speech, to harass and stalk him into submission of his rights and they did it by lies and perjury before the court. and by refraining from taking action to prevent or minimize the violations.

23. Defendants failed to prevent the consequences of their violation of law even after the corruption was exposed.

24. As a consequence, Plaintiff was injured by the direct and proximate action of these Defendants and is entitled to compensatory damages and punitive damages.

## THIRD CAUSE OF ACTION

25. Plaintiff reiterates and incorporates herein the allegations in paragraphs 1 through 24 of this complaint and will allege that this is a cause of action for violation of Plaintiff's constitutional right for due process under fifth and fourteenth amendment, first amendment freedom of free speech, fourth amendment of freedom from unreasonable search and seizure issued without probable cause, was deliberate and intended to help out a complainant in a civil dispute only, and it has nothing to do with a criminal legitimate investigation, it is just a conduct that shocks the conscience of every person to see the abuse of power that offends the community's sense of fair play and decency and was the direct and proximate cause of Plaintiff's damages.

26. By imposing on Defendants proper punitive and compensatory damages, it will send the right message for corrupt prosecutors and judges to be, that they have to find another trade and disband the corrupt enterprise.

## FOURTH CAUSE OF ACTION

27. Plaintiff reiterates and incorporates herein the allegations in paragraphs 1 through 26 of this complaint and will allege that this is a cause of action based on the common law, for fraud, theft and misrepresentation that caused damages. Defendants misrepresent everyday as if they are fair and impartial and may be trusted to adjudicate the life, liberty, and property of the people. In fact he has been proven to be just other criminals who allege to protect us from criminals..

28. Therefore this court should impose on these corrupt prosecutors and officers of the court proper punitive and compensatory compensation and so deter other corrupt officers of law.

## FIFTH CAUSE OF ACTION

29. Plaintiff reiterates and incorporates herein the allegations in paragraphs 1 through 28 of this complaint and will allege that this is a cause of action based on the common law for gross-negligence[4]

30. Defendant have proven reckless disregard for the rule of law, they have a duty to comply to a set of rules, which they have violated intentionally, making a mockery of their duties as judges and attorneys.

31. Therefore these corrupt Defendants has to compensate Plaintiff for the damages they caused him by their corruption and pay punitive damages to deter other corrupt officials.

## SIXTH CAUSE OF ACTION

32. Plaintiff reiterates and incorporates herein the allegations in paragraphs 1 through 31 of this complaint and will allege that the actions of Defendants involving obstruction of Justice, theft and fraud amounts to racketeering influence

---

[4] This cause of action has nothing to do with Federal Tort Claim Act.

actions, operating out and within the judiciary of criminal court, county of Queens, as the enterprise of the corruption, as defined by Civil Rico[5].

33. Defendants are racketeers operating within the enterprise of Criminal Court Judiciary of Queens County, corrupting the process of justice there for their personal gain.

34. This pattern of racketeering cannot be explained other then it is a corrupt enterprise.

35. Defendants/racketeers must compensate Plaintiff with treble compensation as allowed by law.

## SEVENTH CAUSE OF ACTION

36  Plaintiff reiterates and incorporates herein the allegations in paragraphs 1 through 35 of this complaint and will allege that cause of action of intentional infliction of emotional distress which caused extreme damage to Plaintiff's well being

## JURY TRIAL REQUEST

Plaintiff is entitled to a Jury trial and he requests it hereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Teddy Moore, Prays that this court will:

A. Order Defendants to pay to him compensatory damages in the amount of $1,027,000[6] for pain and suffering, emotional distress, humiliation including presumed damages of loss of privacy, as of 12/19/07 plus compound interest, plus treble damages under CIVIL RICO and declare the actions of Defendants against him criminal.

B. Impose punitive damages on Defendants for evil motive or intent, and reckless or callous indifference to the claimant's civil rights, in the minimum amount of

---

[5] 18 U.S.C § 1961-1968. (Civil part)
[6] Which was stolen from him.

$20,000,000 (Twenty million dollars.), as they are able to pay and deserve to pay, as it will promote Justice.

C. Award to Plaintiff the cost of litigation[7].

Respectfully submitted,

Teddy Moore, Pro Se.
88-35 54th Avenue
Elmhurst NY 11373

Dated: 6/13/08

### Plaintiff's Verification

Plaintiff affirms hereby that the facts in this complaint are correct and true.

Teddy Moore

Notary Public

**PAUL RAMIREZ**
NOTARY PUBLIC, STATE OF NEW YORK
No. 01RA6131850
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES AUG. 22, 2009

Teddy Moore, Signed this declaration before me today   6/13/07

---

[7] Attorney fees and costs allowed under 42 USC section 1988 even against a judge where his action was in" Excess of jurisdiction" which is here obvious.