```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

TEDDY MOORE,

                    Plaintiff,
     -against-                                    MEMORANDUM AND ORDER
                                                  08-cv-2449 (RRM)(LB)
CITY OF NEW YORK, RICHARD A. BROWN,
JAMES A. LIANDER, JOHN KEENA,
THOMAS D. RAFFAELE, and
JOSEPH A. ZAYAS,

                    Defendants.
_____X
```

MAUSKOPF, United States District Judge:

On June 16, 2006, plaintiff filed this *pro se* action pursuant to 42 U.S.C. §§ 1983, 1985 alleging that defendants violated his constitutional rights. By Order dated August 1, 2008, plaintiff's 42 U.S.C. § 1985 claims against all defendants were dismissed, as were plaintiff's § 1983 claims against defendants City of New York, Queens County District Attorney Richard Brown, Assistant District Attorney James Liander, and Judges Joseph A. Zayas and Thomas D. Raffaele. However, the Order also afforded plaintiff thirty days to file an amended complaint to the extent plaintiff sought to state a claim of false arrest against defendant Sergeant John Keena. On August 13, 2008, plaintiff submitted an amended complaint which completely replaces the original complaint. Although rambling and incoherent in part, the amended complaint appears to assert that the defendants, acting together, deprived plaintiff of his constitutional rights by securing a search warrant for plaintiff's computer on the basis of false information and in an effort to silence plaintiff from making complaints against defendant Raffaele. In large part, plaintiff reiterates the claims of his original complaint but includes in his amended complaint

1

additional allegations concerning all of the defendants other than the City of New York and District Attorney Brown. In light of plaintiff's *pro se* status[1] and in an abundance of caution, Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008), the Court allows plaintiff's amended complaint to proceed except as to the City of New York and defendant Brown, as set forth below.

A. District Attorney Brown

As a prerequisite to a damage award under § 1983, a plaintiff must allege each defendant's direct or personal involvement in the alleged constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991), or that she or he had actual or constructive notice of the deprivation. Al-Jundi v. Estate of Nelson Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir. 1989); McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983). The amended complaint does not allege unconstitutional actions on the part of Brown, but predicates liability on Brown's supervisory relationship with the named prosecutor. Amended Complaint at 2. Thus, plaintiff's claims against Brown are essentially based on *respondeat superior*, which cannot serve as the basis for a §1983 action. Board of County Commissioners of Bryan County, 520 U.S. at 403 (1997). Plaintiff's claims against defendant Brown are dismissed because they fail to state a claim on which relief may be granted.

---

[1] As the Court noted in its previous order, plaintiff was formerly a practicing attorney but has been disbarred from the practice of law before this Court, In re: Teddy I. Moore Esq, 00-MC-00177 (ERK), the United States Supreme Court, and the Supreme Court of the State of New York, Appellate Division, Second Department. Id. at docket entry no. 11. Although he proceeds *pro se* here, plaintiff is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs. See e.g. Heller v. Emanuel, No.07-CV-1393 (ARR), 2007 WL 1491081, at * 3 (E.D.N.Y. May 21, 2007) (although disbarred attorney was proceeding *pro se*, Court is not obligated to read his pleadings liberally because he is an experienced attorney) (citing cases).

28 U.S.C. § 1915(e)(2)(B)(ii).

B. City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (even expert testimony as to the gross inadequacy of departmental procedures has been viewed by the Supreme Court as inadequate to establish a policy of "deliberate indifference" where only one incident of alleged police brutality was demonstrated at trial). Here there does not appear to be any basis for suing the City of New York. Thus, plaintiff's § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

## CONCLUSION

Accordingly, the complaint against defendants City of New York and Brown is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). No summonses shall issue as to these defendants. The action as against the remaining defendants – Liander, Keena, Raffaele and Zayas – is permitted

to proceed. The Clerk of Court is directed to restore Liander, Raffaele, and Zayas as defendants to this action. The Clerk of the Court is directed to issue a summons against defendants Liander, Keena, Raffaele and Zayas and the United States Marshals Service is directed to serve the complaint, the amended complaint, the Court's August 1, 2008 Order and this Order on defendants without prepayment of fees. A courtesy copy of the same documents shall also be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
July 28, 2009