UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TEDDY MOORE,

                      Plaintiff,

- against -

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
08-CV-2449 (RRM) (LB)

**MAUSKOPF, United States District Judge.**

On June 16, 2008, Plaintiff Teddy Moore ("Plaintiff") filed this *pro se*[1] action pursuant to 42 U.S.C. §§ 1983, 1985 alleging that defendants violated his constitutional rights. (*See* Compl. (Doc. No. 1).) By Order dated August 1, 2008, Plaintiff's § 1985 claims against all defendants were dismissed, as were Plaintiff's § 1983 claims against defendants City of New York, District Attorney Richard A. Brown, Queens County Assistant District Attorney ("A.D.A.") James A. Liander, Criminal Court Judge Joseph A. Zayas, and Civil Court Judge Thomas D. Raffaele. (*See* Aug. 1, 2008 Order (Doc. No. 4) (Gershon, J.).) The Order directed Plaintiff within thirty days to file an Amended Complaint containing more specific allegations pertaining to a potential claim of false arrest against Sergeant John Kenna. *Id.* at 6.

Instead, on August 13, 2008, Plaintiff filed an Amended Complaint purporting to reassert *each* of his claims against *all* defendants and providing a few additional allegations in support of some of his claims. (*See* Am. Compl. (Doc. No. 5).) On March 6, 2009, Plaintiff's case was

---

[1] As the Court noted in its previous orders, Plaintiff was formerly a practicing attorney but has been disbarred from the practice of law before this Court, *see In re Teddy I. Moore Esq.*, 00-MC-0177 (ERK) (E.D.N.Y. July 24, 2001), the United States Supreme Court, and the Supreme Court of the State of New York, Appellate Division, Second Department. *See id.* at Doc. Nos. 1, 11. Although he proceeds *pro se* here, Plaintiff is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs. *See, e.g.,. Heller v. Emanuel*, No.07-CV-1393 (ARR), 2007 WL 1491081, at *2 (E.D.N.Y. May 21, 2007) (although disbarred attorney was proceeding *pro se*, the court was not obligated to read his pleadings liberally because he was an experienced attorney) (citing cases).

reassigned to this Court. (*See* Doc. No. 7.) On July 28, 2009, this Court dismissed *sua sponte* Plaintiff's claims against Defendants City of New York and District Attorney Richard Brown. (*See* July 28, 2009 Order (Doc. No. 9).) On June 22, 2010, Judge Zayas and Judge Raffaele (together, the "State Defendants") moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). On August 6, 2010, A.D.A. Liander and Sergeant Kenna (together, the "City Defendants") moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6).

For the reasons set forth below, all of the remaining claims in the Amended Complaint are DISMISSED.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985 alleging that defendants violated his constitutional rights in connection with the issuance of a search warrant on April 23, 2008, and its execution on April 29, 2008. (Am. Compl. ¶¶ 11–14.) In a confused and conclusory fashion, Plaintiff appears to allege that this warrant was issued and executed in an attempt to prevent him from exercising his right to freedom of speech, specifically, his apparent quest to expose alleged "corruption in the office" of defendant Judge Raffaele, before whom Plaintiff had, at some point, pursued a civil housing matter. (*Id.*) Although difficult to follow, Plaintiff's Amended Complaint once again suggests a conspiracy between Judge Raffaele, the Queens District Attorney's Office, Sergeant John Kenna, and Judge Zayas "as part of [a] Racketeering organization" to obtain and execute the search warrant through a false complaint by Judge Raffaele of internet stalking and harassment. (*Id.*) The search warrant, issued by Judge Zayas, states that there was reasonable cause to believe that the computers and other equipment described in the warrant were stolen or had been used in connection with several crimes, including Aggravated Harassment in the Second Degree, P.L. 240.30, Stalking in the Fourth

Degree, P.L. 120.50, and conspiracy to commit those crimes. (City Defs.'s Br. Ex. B, at 2–3.)[2]

The Amended Complaint also contains a slew of conclusory and vague allegations that the instant Defendants conspired somehow to violate Plaintiff's constitutional rights. (*See, e.g., id.* ¶ 17.)

## DISCUSSION

### 1. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[2] In the context of a motion to dismiss, this Court may consider facts alleged in the complaint, documents attached to the complaint or incorporated by reference, and matters of which courts may take judicial notice. *See Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Vasquez v. City of N.Y.*, No. 99-CV-4606 (DC), 2000 U.S. Dist. LEXIS 8887, at *3 n.1 (S.D.N.Y. June 29, 2000) (explaining that it "is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)" (citations and internal quotation marks omitted)). Here, the Court takes judicial notice of the relevant search warrant and other public documents filed in connection with state court litigation concerning the search warrant.

3

statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

2. Section 1983 Claims

Plaintiff asserts § 1983 claims against Judge Zayas, Judge Raffaele, A.D.A. Liander and Sergeant Kenna for violation of his First and Fourth Amendment rights.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

It is well-established that "Section 1983 itself creates no substantive rights, [but] . . . provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). To state a claim under § 1983, a plaintiff "must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985), *modified*, 793

F.2d 457 (2d Cir. 1986) (citation omitted). As discussed below, Plaintiff's § 1983 claims are dismissed.

   *a. Judge Zayas*

Plaintiff's § 1983 claims against Judge Zayas are dismissed for failure to state a claim, and are otherwise barred by the Eleventh Amendment and the doctrine of judicial immunity.

Plaintiff has failed to state a plausible claim against Judge Zayas for conspiracy to violate his constitutional rights. "To state a claim of conspiracy under § 1983 the complaint must contain more than mere conclusory allegations." *Dwares v. City of N.Y.*, 985 F.2d 94, 99 (2d Cir. 1993); *see also Coakley v. Jaffe*, 49 F. Supp. 2d 615, 625 (S.D.N.Y. 1999) ("[A] complaint must contain specific allegations of fact indicating a deprivation of rights, not a mere litany of general conclusions that shock but have no meaning." (citations and internal quotation marks omitted)). In *Ciambriello v. Cnty. of Nassau*, the Second Circuit held that the factual allegations of a § 1983 conspiracy were insufficient because the plaintiff had "not provided any details of time and place," and had "failed to specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense." 292 F.3d 307, 325 (2d Cir. 2002) (citations and internal quotation marks omitted). The same is true here.

To conclude that there must have been a conspiracy here, Plaintiff relies solely on the fact that the Defendants were all involved through the exercise of their official duties in the issuance, execution, and subsequent litigation regarding the search warrant at issue. Other than this association, Plaintiff has not identified any conversations, contacts, actions or other facts that in any way suggest that these Defendants conspired to violate his civil rights. Indeed, on its face, Plaintiff's Amended Complaint contains nothing more than vague, circular, and conclusory allegations of an invidious conspiracy. As only one example, Plaintiff alleges that "[defendants']

5

meeting of the mind [sic] [to agree to commit the conspiracy] is obvious from the fact that they executed a warrant of search [sic] based on what? Based on the initiation and information and instigation and conspiracy with Judge Raffaele." (Am. Compl. ¶ 17 n.2) Plaintiff's conlcusory allegations cannot replace the specific facts required to plead a § 1983 conspiracy claim. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating that on a motion to dismiss, a district court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Moreover, aside from his conspiracy allegations, Plaintiff has not demonstrated how the issuance and execution of the search warrant violated his constitutional rights, or otherwise harmed him. Indeed, Plaintiff was properly afforded the opportunity to challenge its validity in state court. (City Defs.'s Br. Exs. C, D, E.) In short, Plaintiff's conclusory allegations are not entitled to the presumption of truth, *Iqbal*, 129 S. Ct. at 1951, and accordingly, his § 1983 claims against Judge Raffaele are dismissed for failure to state a claim upon which relief can be granted.

In addition, because Judge Zayas was acting in his official duties, suit against him is barred both by the Eleventh Amendment and the doctrine of absolute judicial immunity. Plaintiff here seeks only retrospective relief in the form of compensatory and punitive damages. (Am. Compl. at 15.) However, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation and internal quotation marks omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation and internal quotation marks omitted). New York State has not waived its immunity for claims arising under 42 U.S.C. § 1983, *Trotman v. Palisades*

*Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977), and it is well-settled that § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340–42 (1979); *Sommer v. Cnty. of Suffolk*, 306 Fed. App'x 660, 662 (2d Cir. 2009) ("[Plaintiff's] suit against [a judge] in his official capacity is barred by the Eleventh Amendment." (citations omitted)).

Moreover, judges are subject to suit only for: (1) "non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (internal citations omitted). Absolute "judicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 12 (citation and internal quotation marks omitted). Although Plaintiff alleges that Judge Zayas is a "criminal[] in black robes" who took these actions "in complete absence of all jurisdiction," such self-serving, conclusory statements do not overcome the protections of judicial immunity. *See, e.g., Levine v. Lawrence*, 03-CV-1694, 2005 U.S. Dist. LEXIS 11663, at *21–22 (E.D.N.Y. June 15, 2005) ("[M]ere conclusory allegations that a judge acted without jurisdiction are insufficient to trump judicial immunity, particularly where the plaintiff's own allegations in fact demonstrate that the judge *did* have jurisdiction over the subject matter before him." (citation omitted)); (Am Compl. ¶ 21.). Rather, as the Amended Complaint alleges, Judge Zayas took routine judicial actions, such as deciding not to "provide [him] with a return date for a petition for contempt" and "den[ying his] motion." (*Id.*) Plaintiff's allegations do not raise plausible claims that Judge Zayas acted in the complete absence of jurisdiction or outside his judicial capacity; as such, Judge Zayas is entitled to judicial immunity.

### b. Judge Raffaele

Plaintiff's § 1983 claims against Judge Rafaelle are dismissed for failure to state a claim and on judicial immunity grounds.

Plaintiff's § 1983 conspiracy claims against Judge Raffaele are based on the same conclusory allegations as those asserted against Judge Zayas. Accordingly, for the reasons discussed above, these claims are dismissed for failure to state a claim pursuant to Rule 12(b)(6). *See Ciambriello*, 292 F.3d at 325.

Moreover, Judge Raffaele is also entitled to judicial immunity. Plaintiff insists that he is not suing Judge Raffaele in his "judicial capacity at all, but on [sic] his capacity as [sic] regular complainant (Informer) out of court" based on the internet posting made by Plaintiff (Am. Compl. ¶ 16.). However, the question of "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

As the Second Circuit has clearly held, "[i]n circumstances in which a judge reasonably perceives a threat to himself or herself arising out of the judge's adjudicatory conduct, the judge's response, be it a letter to a prosecutor or a call to the Marshal's office for security, is a judicial act within the scope of judicial immunity." *Huminski v. Corsones*, 396 F.3d 53, 78 (2d Cir. 2004) (citing *Barrett v. Harrington*, 130 F.3d 257, 259 (6th Cir. 1997) (internal quotation marks omitted)). As the Second Circuit explained,

> A judge cannot be expected regularly and dispassionately to make decisions adverse to overtly hostile parties if subsequent actions to protect herself, her staff, and those in her courthouse from such hostility may result in the rigors of defending against – and even the possibility of losing – lengthy and costly litigation.

*Id.*

Here, by Plaintiff's own allegations contained in the Amended Complaint, he was admittedly dissatisfied with Judge Raffaele's judicial decision to dismiss his housing court case, and as such, Plaintiff began posting to the Internet myriad claims accusing Judge Raffaele of corrupt conduct. *See Moore v. Latovitzki*, No. 2007-1240 Q C 867, N.Y.S.2d 376 (N.Y. App. Term 2008); (Am. Compl. ¶ 15.). In turn, Judge Raffaele complained to law enforcement about those Internet postings. (*Id.* ¶ 15.) Thus, by Plaintiff's own allegations, Judge Raffaele's complaints were directly related to his adjudicatory actions and he is entitled to judicial immunity.

Accordingly, all claims against Judge Raffaele are dismissed.

### c. A.D.A. Liander

Plaintiff's § 1983 claims against A.D.A. Liander are dismissed for failure to state a claim and on immunity grounds.

Plaintiff's § 1983 conspiracy claims against A.D.A. Liander are based on the same conclusory allegations as those asserted against Judges Zayas and Raffaele. In fact, Plaintiff has not alleged any specific facts in his Amended Complaint against A.D.A. Liander, and relies solely on the fact that this Defendant was the prosecutor involved in securing the search warrant. For the reasons discussed above, Plaintiff's claims against A.D.A. Liander are dismissed for failure to state a claim pursuant to Rule 12(b)(6). *See Ciambriello*, 292 F.3d at 325. Moreover, A.D.A. Liander is entitled to immunity. *See Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) ("It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976))); *see also Jackson v. Marshall*, 04-CV-3915 (MBM), 2005 U.S. Dist. LEXIS 13661, at *9 (S.D.N.Y. June

21, 2005) (dismissing conspiracy claims against prosecutor where the complaint contained "only conclusory, vague, or general allegations of a conspiracy," making it "impossible to discern [the prosecutor's] role in the alleged conspiracy," because even if the prosecutor "were not [absolutely] immune from this or any other of plaintiff's claims, all of plaintiff's conspiracy claims must be dismissed because they are facially frivolous and fail to state a claim upon which relief may be granted" (citing *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999)).

### d. Sergeant Kenna

Plaintiff's § 1983 claims against Sergeant Kenna are dismissed for failure to state a claim and on qualified immunity grounds.

Plaintiff's § 1983 conspiracy claims against Sergeant Kenna are based on the same conclusory allegations as those asserted against Judge Zayas. Accordingly, for the reasons discussed in connection with Judge Zayas, Plaintiff's claims against Sergeant Kenna are dismissed for failure to state a claim pursuant to Rule 12(b)(6). *See Ciambriello*, 292 F.3d at 325.

Plaintiff's claims against Sergeant Kenna are also barred by qualified immunity. Plaintiff asserts claims against Sergeant Kenna based on the allegation that he unlawfully obtained a warrant to search his residence and seize his computer. (Am Compl. ¶ 9.) However, "[a] police officer who relies in good faith on a warrant issued by a neutral and detached magistrate upon a finding of probable cause is presumptively shielded by qualified immunity from personal liability for damages." *Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997) (citation omitted). In order to defeat the presumption of qualified immunity, "the plaintiff must make a 'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false

statement was 'necessary to the finding of probable cause.'" *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991) (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). Here, the complaint merely alleges that Sergeant Kenna signed a "bogus" affidavit in support of the search warrant. (Am. Compl. ¶ 9.) This conclusory and speculative allegation, standing alone, and unsupported by facts, is neither entitled to the presumption of truth by a court deciding whether to grant a motion to dismiss, *See Iqbal*, 129 S. Ct. at 1951, nor capable of rebutting the presumption that Sergeant Kenna is entitled to qualified immunity. *Brodeur v. City of N.Y.*, 99-CV-651 (WHP), 2002 U.S. Dist. LEXIS 4500, at *13–14 (Mar. 18, 2002) (citation omitted). Accordingly, Plaintiff's § 1983 claims against Sergeant Kenna are also dismissed on qualified immunity grounds.

3. Section 1985 Claims

Plaintiff asserts claims against all defendants pursuant to 42 U.S.C. § 1985. To state a § 1985 claim, a plaintiff must allege that a conspiracy motivated by a class-based discriminatory animus existed to deprive him of his rights. *See Griffin v. Breckenridge*, 403 U.S. 88, 101–03, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971). Plaintiff fails to meet these requirements. First, the Amended Complaint contains no allegations of discriminatory animus. Second, as discussed above, it contains only "unsupported, speculative, and conclusory" allegations of conspiracy and "cannot withstand a motion to dismiss." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citation and internal quotation marks omitted). Accordingly, Plaintiff's § 1985 claims are dismissed for failure to state a claim upon which relief can be granted.

4. Remaining Claims

Plaintiff also asserts a litany of claims, including claims for civil RICO, fraud, theft, gross negligence, and intentional infliction of emotional distress, none of which is even remotely

11

"plausible." *See Twombly*, 550 U.S. at 570; (Am. Compl. at 12–15.). A plaintiff must "plead []
factual content that allows the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citation omitted). Here, Plaintiff briefly
states each cause of action in a conclusory manner and then appends a clause incorporating by
reference all prior allegations in the complaint. Such "claim[s], without facts other than a clause
incorporating the plaintiff's prior allegations by reference, [are] insufficient to show the plaintiff
is entitled to relief . . . ." *Lawrence v. City Cadillac*, 10-CV-3324 (PKC), 2010 U.S. Dist. LEXIS
132761, at *24 (S.D.N.Y. Dec. 8, 2010) (citing Fed. R. Civ. P. 8(a)(2); *Iqbal*, 129 S.Ct. at 1949;
*Twombly*, 550 U.S. 544 at 570; *Brandon v. City of New York*, 705 F. Supp. 2d, 261, 268–69
(S.D.N.Y. 2010) ("Such general allegations, without supporting facts other than a clause
incorporating an entire complaint by reference, are insufficient to withstand even a motion to
dismiss because they do not give fair notice of what the claim is and the grounds upon which its
rests." (citations and internal quotation marks omitted))).

Moreover, apart from the fact that a warrant to search his apartment was issued and
executed, Plaintiff could only purport to incorporate the repetitive, speculative, vague, general,
and conclusory allegations of a conspiracy to deprive him of his civil rights. Those allegations
fall far short of the factual support required to state plausible claims of relief for civil RICO,

fraud, theft, gross negligence, and intentional infliction of emotional distress. Accordingly, Plaintiff's remaining claims are dismissed for failure to state a claim pursuant to 12(b)(6).[3]

## CONCLUSION

Defendants' motions to dismiss [Doc. No. 41, 42] are GRANTED, and the Amended Complaint is DISMISSED in its entirety. The Clerk of Court is directed to mail a copy of this Order to Plaintiff *pro se*, together with any accompanying Judgment, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2011

/S/
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] It should be noted that the doctrines of immunity discussed above are equally applicable to these claims. Moreover, the Eleventh Amendment bars any claims that Plaintiff asserts against Judge Zayas in his official capacity. Congress did not abrogate Eleventh Amendment protection when it passed the RICO statute, *Molina v. State of N.Y.*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995) (collecting cases), and New York State has not waived its sovereign immunity either from RICO claims, or from claims of common law fraud, theft, gross negligence, and intentional infliction of emotional distress. *See id.; Reaves v. City of N.Y.*, No. 98-CV-5708 (RMB), 1999 U.S. Dist. LEXIS 21763, at *11 (S.D.N.Y. Sept. 30, 1999) ("This Court is unaware of any such abrogation of New York State's (sovereign) immunity relative to claims of . . . common law torts. New York State has consented to be sued in tort . . . in the New York State Court of Claims – and only in the New York State Court of Claims." (citations omitted)).